Harris, J.,
delivered the opinion of the Court.
The complainant, Moore, brings this bill to enforce the specific performance of a contract for the transfer of a bounty land warrant.
The bill charges that on the first day of July, 1851, one G-. Gr. Mills, for the sum of seventy dollars, executed to the assignor of the complainant an “obligation or bond” to transfer to him the land warrant which *462 should thereafter be issued to said Mills by the Commissioner of the United States of America, on the application of said Mills for bounty land under the provisions of the act of Congress, passed the 8th of September, 1850. That said land warrant for eighty acres had been issued to said Mills, by said commissioner, on the 24th day of March, 1852. That said Mills died without making the assignment, and that the defendants are his heirs at law, and they have obtained an order or decree of the County Court directing a sale of said warrant for division among themselves. The prayer is for an injunction to restrain them from making said sale, and that the warrant be decreed to complainant. To this bill, the defendants demurred. The demurrer was allowed by the Chancellor, and the bill dismissed, and complainant appealed.
Did the Chancellor err in allowing the demurrer, and dismissing the bill? We think not. By the 4th section of said act of Congress, passed 8th September, 1850, it is provided that “All sales, mortgages, letters of attorney, or other instruments of writing, going to affect the title or claim to any warrant or certificate issued, or to be issued, or any land granted, or to be granted, under the provisions of this act, made or executed prior to the issue, shall be null and void to all intents and purposes whatsoever; nor shall such certificate or warrant, or the land obtained thereby, be in any wise affected by, or charged with, or subject to, the payment of any debt or claim incurred by such officer or soldier, prior to the issuing of the patent.”
The obligation, sought to be enforced by this bill, was enterred into on the 1st July, 1851; the warrant *463 which was the subject of the contract was issued on the 24th March, 1852, and is directly within the provision of the statute which makes the contract absolutely null and to all intents and purposes.
The decree of the Chancellor is affirmed, with full costs.